# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | |
|---|---|
| **ELBERT O'BANION, JR.** | **CIVIL ACTION NO. 04-2596** |
| **VS.** | **SECTION P** |
| **BRUCE YOUNG, ET AL.** | **JUDGE MINALDI** |
| | **MAGISTRATE JUDGE WILSON** |

## REPORT AND RECOMMENDATION

Before the court is a civil rights complaint (42 U.S.C. § 1983) filed *in forma pauperis* by *pro se* plaintiff Elbert O'Banion, Jr. on December 27, 2004. Plaintiff is currently incarcerated at Vernon Correctional Facility, Leesville, Louisiana, but complains of an incident that occurred during his incarceration at the Beauregard Parish Jail (BPJ), DeRidder, Louisiana. Plaintiff names BPJ Warden Bruce Young, and BPJ Assistant Warden Halter as defendants herein.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

## STATEMENT OF THE CASE

Plaintiff states that on November 25, 2004, he received an evening meal tray which had mold and mildew on it. Plaintiff claims that receipt of a tray in such condition amounts to a violation of his constitutional rights. As relief, Plaintiff seeks monetary damages to compensate him for "mental anguish and physical suffering." Plaintiff also asks for an investigation into the kitchen practices at BPJ.

## LAW AND ANALYSIS

## I. Frivolity Review

Plaintiff has been granted leave to proceed *in forma pauperis* under 28 U.S.C. §1915. Under 28 U.S.C. §1915(e)(2)(B), a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted. See, 28 U.S.C. § 1915(e)(2)(B)(I) and (ii); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v Wyatt,* 157 F.3d 1016, 1019 (5th Cir. 1998) citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Independent School District*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to states a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1996) (frivolity); *Bradley,* 157 F.3d at 1025 (failure to state a claim).

## II. 42 U.S.C. §1983

Section 1983 proscribes conduct by any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. §1983. Thus, an initial inquiry in a lawsuit filed under §1983 is whether plaintiff has alleged that his constitutional rights have been violated. If no constitutional violation has been alleged, there is no cognizable claim under §1983. In order to hold the defendants liable under 42 U.S.C. §1983, the plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law, that is, that the defendant was a state actor. See *Hessbrook v. Lennon*, 777 F.2d. 999, 1005 (5th Cir. 1985).

Based upon plaintiff's pleadings, the court is convinced that plaintiff has presented the

best case which could be presented by him under the circumstances, and that further amendment of the pleadings would serve no useful purpose. Accepting all of plaintiff's allegations as true, and giving plaintiff the benefit of every doubt, the court concludes, for the reasons stated hereinafter, that he has failed to state a claim for relief, that his claims are frivolous as a matter of law, and that his complaint should therefore be dismissed with prejudice.

The basis of plaintiff's complaint is that he was subjected to an unconstitutional condition of confinement while incarcerated at BPJ, namely being served a meal on a tray that had mold and mildew on it. While the Constitution does not mandate incarcerated persons be housed in comfortable prisons, the Eighth Amendment's prohibition against cruel and unusual punishment does require prisoners be afforded "humane conditions of confinement." *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Encompassed within the notion of "humane conditions of confinement," are assurances that prisoners will receive adequate food, shelter, clothing and medical care, and that prison officials will "take reasonable measures to guarantee the safety of the inmates." *Farmer*, 511 U.S. at 832(quoting, *Hudson v. Palmer*, 468 U.S. 517, 526-27, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984)).

In order to state a claim under the Eighth Amendment for unconstitutional conditions of confinement, the Plaintiff must satisfy both a subjective and objective component. First, the objective requirement necessitates that the inmate allege a **sufficiently serious deprivation**. *Wilson v. Seiter*, 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271(1991)(emphasis added). A sufficiently serious deprivation is one which denies the inmate "the minimal civilized measure of life's necessities." *Farmer*, 511 U.S. at 834 (quoting *Rhodes v. Chapman,* 452 U.S. 337, 349, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981)). Only such deprivations are sufficiently grave to constitute cruel and unusual punishment. *Id*. Second, the subjective requirement necessitates that the prison

3

official must have acted with a sufficiently culpable state of mind. *Farmer,* 511 U.S. at 834 (citations omitted). A prison official's culpable state of mind is measured by deliberate indifference which is defined as knowing and disregarding an excessive risk to inmate health or safety. *Id*. Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind; thus, the test is "subjective recklessness" as used in the criminal law. *Norton v. Dimazana*, 122 F.2d 286, 292 (5th Cir. 1997); *Farmer,* 511 U.S. at 838-840. Accordingly, negligence and even gross negligence does not implicate the Constitution and does not provide a basis for a §1983 claim. *Farmer*, 511 U.S. at 835 (citing, *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976)). As previously stated, a conditions of confinement claim must satisfy tests for both objective and subjective components. *Davis v. Scott*, 157 F.3d 1003, 1006 (5th Cir. 1998). However, the subjective component need not be examined if the plaintiff does not objectively demonstrate a sufficiently extreme deprivation of any minimal civilized measure of life's necessities. *Id.*

Based on the above, the court finds that the plaintiff's allegations do not support a finding that plaintiff's constitutional rights were violated on November 25, 2004. The alleged condition does not deprive an inmate of the minimal civilized measure of life's necessities. Accordingly, the court need not apply the subjective test as plaintiff has not objectively demonstrated a sufficiently extreme deprivation of any minimal civilized measure of life's necessities and therefore, his claims are recommended dismissed.[1]

Accordingly,

---

[1] In the alternative, it also appears that the plaintiff's claim for monetary damages would be barred by the physical injury requirement of 42 U.S.C. § 1997e(e). Plaintiff fails to allege any specific physical injuries in support of his claim for compensatory damages, and the Fifth Circuit has made it clear that in light of this provision, compensatory damages for mental or emotional injuries are non-recoverable, absent a physical injury. See, *Geiger v. Jowers,* 404 F.3d 371 (5th Cir. 2005). Moreover, while the physical injury need not be significant, it must be more than *de minimis*. *Siglar v. Hightower*, 112 F.3d 191 (5th Cir. 1997).

4

**IT IS RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim upon which can be granted in accordance with 28 U.S.C. § 1915(e)(2)(B)(i)and (ii).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 27th day of June, 2005.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE